THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLDEN MANOR HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>Defendants. | CASE NO. C15-1676 JCC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company's joint motion for summary judgment (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

Plaintiff Holden Manor Homeowners Association is responsible for Holden Manor Condominium, the property at the center of this suit. (Dkt. No. 29 at 2.) Holden Manor is located at 3501 South Holden Street in Seattle, Washington, and was constructed in 1979. (Dkt. No. 26-1 at 7.) Defendant Safeco sold Plaintiff the insurance policy at issue in Defendants' motion. (Dkt.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 1

No. 23 at 2.) Defendant Liberty Mutual is the successor in interest to Safeco, and has responded on its behalf. (Dkt. No. 29 at 2.)

The Safeco policy covered Holden Manor Condominium and was effective August 27, 1980 to August 27, 1982. (Dkt. No. 24 at 6; Dkt. No. 29 at 2.) The policy states that it "applies only to loss to property during the policy period." (Dkt. No. 24 at 8.) It also states that "[n]o suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs." (*Id.* at 9.)

On September 5, 2014, Plaintiff submitted an insurance claim to Safeco. (*Id.* at 50.) In the claim, Plaintiff asserted that "the Safeco policy may provide coverage for the cost of repairing hidden damage… caused by rainwater intrusion by wind-driven rain." (*Id.*) Plaintiff also asserted that "Safeco's policy provides coverage for the cost of repairing portions of the building that are at risk of collapse." (*Id.* at 51.) In October 2014 and February 2015, Plaintiff's expert, Building Envelope Technology & Research, conducted "invasive" testing at Holden Manor and concluded that "wind driven rain began to have an impact on wall assemblies and cause damage from the time the building was completed." (Dkt. No. 26-1 at 14, 19.) After investigating Plaintiff's claim, Safeco denied coverage in August 2015. (*Id.* at 73–74.) Plaintiff then filed suit on September 16, 2015. (Dkt. No. 1-2.)

In this action, Plaintiff seeks damages for the cost of repairing Holden Manor. (Dkt. No. 29 at 4–7.) Defendants Safeco and Liberty Mutual move to dismiss on summary judgment, arguing that Plaintiff's suit is untimely as a matter of law.

II.     DISCUSSION

   A.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

  **B.** **The Safeco Policy's One-Year Suit Limitations Clause**

  Plaintiff alleges that the "loss" at issue in this suit is hidden damage from wind-driven rain due to faulty construction, and that this loss has been present since Holden Manor's completion. (Dkt. No. 26-1 at 19.) Defendants argue that because the Safeco policy required Plaintiff to sue "within one year after [a] loss occurs," Plaintiff's suit is time-barred, since the policy ended in 1982 and Plaintiff sued in 2015. But Plaintiff responds that the one-year suit limitations clock did not start running until its loss was exposed during invasive testing on Holden Manor in 2014. (*Id.*)

  In *Panorama Vill. Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.,* the plaintiff's insurance policy similarly required that suit be filed against the insurer defendant "within one year after a loss occurs." 144 Wash. 2d 130, 135 (2001). The defendant in *Panorama*
ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 3

moved for summary judgment, arguing that the one-year limitations clause barred the plaintiff's suit, just as Defendants argue here. *Id.* But the *Panorama* court held that "one year after a loss occurs" does not mean "one year after the loss began," but rather one year after the loss concluded or was exposed, whichever comes first. *See id.* at 133–34 ("Where a policy protects against risk of direct physical loss from hidden decay and requires the insured to bring suit within one year after a loss occurs, the date of loss is the earlier of either (1) the date of actual collapse or (2) the date when the decay which poses the risk of collapse is no longer obscured from view."). Therefore, because the plaintiff in *Panorama* filed suit within one year of the date its loss was exposed, the court held that the suit was timely. *Id.* at 145.

This holding was affirmed in *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.,* in which the plaintiff discovered its building's siding was leaking eleven years after its policy expired, and filed suit two years later. 2012 U.S. Dist. LEXIS 160592, at *2–4 (W.D. Wash. Nov. 8, 2012). Because the plaintiff's policy had a two-year suit limitations clause, Judge Zilly of this Court found the suit timely:

> As recognized in [*Panorama*], a substantial impairment of structural integrity amounting to a collapse might commence during a policy period, but remain hidden (and therefore constitute a continuing occurrence of loss) for some time after the policy expires; in such circumstances, a suit will be timely so long as it is filed within the contractual period after the decay is revealed.

2012 U.S. Dist. LEXIS 59275, at *6 (W.D. Wash. Apr. 27, 2012). Plaintiff therefore argues that because its loss allegedly existed during the Safeco policy but was not exposed until 2014, this suit is not barred.

C. **Express Coverage for Hidden Decay**

However, in their reply brief, Defendants argue that the *Panorama* and *Queen Anne* holdings apply only to policies that cover "collapse caused by hidden decay." (Dkt. No. 27 at 4.)

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 4

Therefore, according to Defendants, because Plaintiff's policy did not expressly provide such coverage, Plaintiff's suit remains untimely. But in *Eagle Harbour Condo. Ass'n v. Allstate Ins. Co.*, Judge Leighton of this Court held that in a case such as this, where an insurance policy's suit limitations period hinges on the date a loss "occurs," the *Panorama* holding applies regardless of whether the policy makes "the hidden nature of damage a prerequisite to coverage." 2016 U.S. Dist. LEXIS 15791, at *7 (W.D. Wash. Feb. 9, 2016). In reaching this conclusion, Judge Leighton was unambiguous:

> [T]his Court's application of *Panorama* to the Association's first-claimed loss does not turn on the fact that the water intrusion is "hidden." Rather, it hinges on the Washington Supreme Court's conclusion that a loss occurs when its cause ends. *See Panorama Village*, 144 Wash.2d at 140, 145. Because "[a]n insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance," this suit limitations language applies to each coverage clause equally. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash.2d 654, 665-66, 15 P.3d 115 (2000) (internal quotations omitted).

*Id.* at 7-8 (W.D. Wash. Feb. 9, 2016). In other words, Judge Leighton seemingly held that where a policy's suit limitations period relies on the date a loss "occurs," all of that policy's covered losses may be sued on within one year of the date they are exposed or conclude, regardless of whether they are "hidden." Therefore, the Court could hold that Plaintiff's suit is not time-barred simply because Plaintiff sued in 2015 on losses that were allegedly exposed in 2014.

But the Court need not go that far to deny Defendants' motion. Plaintiff's policy "insure[d] against *all risks* of direct physical loss subject to the provisions and stipulations [within]." (Dkt. No. 24 at 19) (emphasis added). "All-risk policies… provide coverage for all risks unless the specific risk is excluded." *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wash. 2d 501, 513 (2012) (internal quotation marks omitted). Moreover, it is well-settled Washington law that in insurance contracts, "ambiguity is resolved in the favor of the

policyholder, and exclusionary clauses are construed strictly against the insurer." *Moeller v. Farmers Ins. Co. of Washington*, 173 Wash. 2d 264, 272 (2011).

Defendants argue that the Safeco policy did not expressly cover risks of loss due to hidden damage or decay. But they do not argue that the policy expressly excluded these risks. Therefore, they were covered.

Because Plaintiff's losses due to hidden decay were allegedly not exposed until 2014, and were then sued on in 2015, the Court holds that Plaintiff's suit is not time-barred.

### D.  Joint and Several Liability

Defendants also argue that because the Safeco policy covered only "loss to property during the policy period," they are not jointly and severally liable for any loss that occurred after the Safeco policy ended in 1982. (Dkt. No. 27 at 7.) Defendants inadequately briefed this issue, making no more than an obliquely relevant argument in their opening and a cursory one in their reply. Therefore, the Court is currently unable to determine precisely how joint and several liability applies to Defendants for any loss that occurred after 1982. Nonetheless, because Plaintiff adequately alleges that its loss was present "from the time the building was completed," Defendants may at the very least be liable for damage that occurred during the Safeco policy period.

## III.  CONCLUSION

As in *Panorama* and *Eagle Harbor*, the Safeco policy's suit limitations clause hinges on the date a loss "occur[ed]." Plaintiff was thus required to sue within one year of the date its loss was exposed or concluded. Plaintiff alleges that it did so. Because the Safeco policy insured against "all risks," it must be construed as covering risks of loss due to hidden damage or decay, since they were not expressly excluded. Therefore, Defendants have failed to prove that, as a

matter of law, Plaintiff's policy with Safeco did not cover the losses allegedly exposed in 2014.[1]

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 23) is DENIED.

DATED this 16th day of June 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] It must be emphasized that Defendants' motion for summary judgment argues no more than that Plaintiff is barred from suing on the Safeco policy as a matter of law. Defendants have not yet argued that the policy does not cover Plaintiff's specific claims. The Court therefore declines to engage with this issue in this Order.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT
PAGE - 7